UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

CLEVELAND SHAIN,
        Plaintiff,

   v.                                                        Case No. 15-C-1137

TAMI ZINGRE,
        Defendant.
_____

## DECISION AND ORDER

The plaintiff, Cleveland Shain, filed a complaint against the defendant, Tami Zingre. After Shain filed an amended complaint, Zingre filed her answer and counterclaim. Shain did not file a timely response to the counterclaim, and the Clerk of Court entered his default. Before me now are Shain's motion to set aside the default, Zingre's motion for a default judgment, and several related motions.

### I. BACKGROUND

**A. Factual Background of the Parties' Claims**

In describing the factual background of this case, I rely on the allegations of the defendant's counterclaim, ECF No. 8, and the plaintiff's proposed answer to the counterclaim, ECF No. 47-1. However, at this point, I do not assume that anyone's factual allegations are true.

Until shortly before this action was filed, the parties were engaged to each other. The parties met in Illinois in July 2011, shortly after the plaintiff's wife passed away. Later in 2011, the parties became engaged to be married. The plaintiff, who was 70 years old and retired, asked the defendant, who was 55 and employed as the Village Clerk of Diamond, Illinois, to retire and move with him to Wisconsin. The defendant

1

alleges that she was reluctant to retire and move to Wisconsin, but she agreed to look for property in Wisconsin.

On November 19, 2012, the parties purchased a home in Fond du Lac County, Wisconsin, as joint tenants with rights of survivorship. At the time of this purchase, the parties were living together in the defendant's home in Diamond, Illinois, and the plaintiff was in the process of selling his home in Coal City, Illinois. In mid-2013, the defendant retired, the plaintiff sold his home in Coal City, and the parties moved into the home they had purchased in Wisconsin.

At the time the parties met, the plaintiff owned a number of rental properties in Illinois through a limited liability company, G.R.J.M., LLC. Just prior to August 1, 2013, the plaintiff was the sole member of this LLC. (The plaintiff's late wife was also a member of the LLC until her death on March 22, 2011.) On August 1, 2013, the plaintiff transferred a 50% interest in the LLC to the defendant. In May 2014, the parties decided to dissolve the LLC. As part of the dissolution, the LLC transferred six of the rental properties to the defendant, and at least six rental properties to the plaintiff.[1] Since the time of these transfers, the defendant has personally maintained and operated the six rental properties transferred to her and has collected all of the income generated by those properties.

By the summer of 2014, the defendant had decided that she wanted to return to Illinois, and the plaintiff agreed to look for a new home there and to sell the home in Wisconsin. According to the defendant, the parties agreed that the new Illinois home would be purchased by her alone, and that 50% of the proceeds from the sale of the

---

[1] The defendant alleges that the LLC transferred nine rental properties to the plaintiff, rather than just six.

2

Case 2:15-cv-01137-LA   Filed 10/26/16   Page 2 of 9   Document 53

Wisconsin home would be used to pay for the new Illinois home. When the defendant faced difficulties in obtaining financing for the new Illinois home, she used the six rental properties that the LLC had transferred to her as collateral and was then able to secure financing.

On June 4, 2015, the defendant made an offer on a home in Newark, Illinois. That day, the plaintiff told the defendant that he did not want to move to Illinois, and the defendant decided that she would do so without him. The defendant closed on the home on June 19, 2015, and moved into it a few days later. By late July 2015, the parties were estranged from each other. The plaintiff continues to live in the home in Wisconsin and intends to remain there. The defendant lives in her home in Illinois and intends to remain there.

The plaintiff alleges that his decision to cause the LLC to transfer the six rental properties to the defendant, along with his decision to purchase the home in Wisconsin with her, were based on the defendant's promise to marry him. The plaintiff further alleges that the defendant obtained her interests in the properties through undue influence. The plaintiff seeks to have all interests in these properties restored to him. In her counterclaim, the defendant seeks partition of the Wisconsin property.

**B. Procedural Background**

Because the parties' motions relating to the plaintiff's default are intertwined with the procedural history of this case, I must describe that history in some detail.

When the plaintiff commenced this action, he was represented by Attorney Ryan Doherty. The defendant responded to the plaintiff's complaint on November 17, 2015, by filing an answer to certain counts of the complaint, a motion to dismiss other counts of the complaint for failure to state a claim upon which relief can be granted, and a

3

counterclaim. The plaintiff's answer to the counterclaim and response to the motion to dismiss were due on December 11, 2015. However, the plaintiff did not file either an answer to the counterclaim or a response to the motion to dismiss by that date. On December 14, 2015, the defendant requested that the Clerk of Court enter the plaintiff's default on the counterclaim, see Fed. R. Civ. P. 55(a), and the Clerk of Court entered the default on December 15, 2015.

On December 30, 2015, I entered an order noting that the plaintiff had failed to respond to the defendant's motion to dismiss and warning him that if he did not file a response to the motion by January 8, 2016, I would deem the motion unopposed and would grant it. The plaintiff, still represented by Attorney Doherty, filed his brief in opposition to the motion on January 8, 2016. A few days later, the plaintiff filed a motion to vacate an order for a default judgment under Federal Rule of Civil Procedure 60(b). However, because no order relating to a default *judgment* had been entered, what the plaintiff apparently meant to file was a motion to set aside the Clerk of Court's entry of his default. A few days after filing the motion to vacate the default, the plaintiff filed a motion for leave to file a second amended complaint.[2]

In moving to set aside the plaintiff's default, Attorney Doherty stated that he received notice of the counterclaim through the court's electronic-filing system on November 17, 2015. He stated that, a few days later, he emailed his legal assistant and instructed her to enter the deadline to file an answer on his calendar. However, he mistakenly instructed her that the answer was due within 30 days of the date of service of the counterclaim, rather than 21 days of service as provided in Federal Rule of Civil

---

[2] The motion sought leave to file a second amended complaint because the plaintiff had already filed a first amended complaint to correct defects in his allegations of diversity jurisdiction. See ECF Nos. 2 & 3.

4

Procedure 12(a)(1)(B). Attorney Doherty learned of his mistake when the defendant requested that the Clerk of Court enter the plaintiff's default.

On January 28, 2016, the defendant filed a motion for a default judgment on her counterclaim, along with briefs in opposition to the plaintiff's motions and a reply brief in support of her motion to dismiss. The defendant also filed a motion for sanctions against the plaintiff based on his allegation in his complaints that he, rather than the LLC, owned the rental properties that the LLC eventually transferred to the defendant. (The plaintiff has since withdrawn this allegation and has admitted that the properties were owned by the LLC. See ECF No. 47-1 ¶ 31.)

After the parties filed these motions, they proceeded to take informal discovery. On March 30, 2016, the plaintiff and Doherty travelled to the offices of the defendant's attorney so that the defendant could take the plaintiff's deposition. *See* Decl. of Cleveland Shain ¶ 3, ECF No. 38-2. At the deposition, the defendant made a settlement offer. During a break in the deposition, the plaintiff and Doherty discussed the settlement offer, and Doherty recommended that the plaintiff accept it. Thereafter, Doherty said something to defendant's counsel that caused counsel to believe that the plaintiff would accept the settlement offer. The defendant then informed the court that the case had settled, and I administratively closed the case pending receipt of a stipulation of dismissal.

As it turned out, however, the parties had not settled the case. On April 29, 2016, the defendant filed a motion to compel the plaintiff to execute a written settlement agreement. Thereafter, Attorney Doherty moved to withdraw as plaintiff's counsel. By June 8, 2016, the plaintiff had retained new counsel, who filed motions explaining the circumstances that led to the confusion over whether the parties had settled. The

plaintiff's new lawyers stated that the plaintiff wished to continue litigating the case on the merits.

On June 27, 2016, I held a conference that was attended by the plaintiff, his new lawyers, and defendant's counsel. At the conference, I granted Attorney Doherty's motion to withdraw and ordered the parties to confer regarding the best way to proceed. By mid-July, the defendant agreed to withdraw her motion to compel the plaintiff to sign a settlement agreement, and the parties filed a joint report under Federal Rule of Civil Procedure 26(f). In the Rule 26(f) report, the parties requested that I begin by deciding the plaintiff's motion to set aside his default and the defendant's motion for a default judgment. On August 1, 2016, the plaintiff, through his new lawyers, filed a motion for leave to file a reply brief in support of the motion to set aside the default. Attached to that motion is the plaintiff's proposed answer to the counterclaim.

## II. DISCUSSION

As I noted above, the plaintiff mistakenly moved to set aside a default judgment rather than the clerk's entry of default. The court has not entered any judgment in this case, and thus I construe the motion as one to set aside the clerk's entry of default. To decide the motion, I apply Federal Rule of Civil Procedure 55(c), which provides that "[t]he court may set aside an entry of default for good cause." The Seventh Circuit, in applying this rule, has held that a party seeking to vacate an entry of default must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). In applying this rule, I keep in mind that Seventh Circuit cases "articulate a policy of favoring trial on the merits over default judgment." *Id.* at 631.

6

Case 2:15-cv-01137-LA   Filed 10/26/16   Page 6 of 9   Document 53

For purposes of Rule 55(c), "good cause" is not a synonym for "excusable neglect," which is a phrase used in other federal rules, including Rule 60(b), the rule that governs the setting aside of default judgments. *Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). It is easier to satisfy the good-cause standard of Rule 55(c) than the "excusable neglect" standard of Rule 60(b), and the court may find good cause for setting aside the default "even though there is no good *excuse* for the defendant's inattention to the case." *Id.* (emphasis in original). In weighing whether to set aside the default or to enter a default judgment, the court should consider whether the sanction of entering judgment on the merits of the claim fits the offense, which here is the plaintiff's attorney's negligence in failing to properly calendar the deadline for answering the counterclaim, and should also consider the extent to which the opposing party was prejudiced by the error. *Id.* at 868–69

Here, I conclude that there is good cause for setting aside the default. Attorney Doherty's error in failing to properly calendar the deadline for responding to the counterclaim was not a serious offense. The only prejudice that the defendant contends she suffered as a result of the error is the cost of responding to the plaintiff's motion to set aside the default.[3] *See* Br. in Opp. at 8, ECF No. 17. However, the Seventh Circuit has recognized that entering a default judgment to remedy such minimal prejudice would be "overkill." *Sims*, 475 F.3d at 869.

The next question is whether the plaintiff took "quick action" to correct his default. Here, it took Attorney Doherty about four weeks to move to set aside the default.

---

[3] The defendant also claims that she would be prejudiced if the default were set aside by having to "expend time and resources to prosecute a Counterclaim that was already determined on the merits." Br. in Opp. at 8. However, having to prosecute the counterclaim is not prejudice caused by the plaintiff's default, as the defendant would have had to prosecute the counterclaim even if the plaintiff had filed his answer on time.

7

Although the defendant contends this was not "quick action," I conclude that it was, especially since the defendant has not articulated any way in which she was prejudiced by the four-week or any subsequent delay. Indeed, it appears that the parties have been taking discovery on the merits of the case since at least January of 2016.

Finally, I consider whether the plaintiff has shown that he has a meritorious defense to the counterclaim. To show a "meritorious defense," the defaulting party must offer more than bare legal conclusions, but he need not definitively show that the defense will prevail. *Parker v. Scheck Mechanical Corp.*, 772 F.3d 502, 505 (7th Cir. 2014). I conclude that the plaintiff has made this showing. In his proposed answer, the plaintiff affirmatively alleges facts suggesting that the plaintiff transferred interests in the rental properties, and also purchased the Wisconsin property with the plaintiff, in anticipation of marriage. The plaintiff also alleges facts that could be construed to suggest that the defendant exercised undue influence over him. These allegations could support the plaintiff's claim that the defendant is not entitled to partition of the Wisconsin property. Although the plaintiff's allegations do not suggest to me that he has a strong case, he has offered more than bare legal conclusions. Accordingly, I will grant his motion to set aside the default and deny the defendant's motion for a default judgment. The Clerk of Court will be directed to docket the plaintiff's answer to the counterclaim.

Before concluding, I note that the plaintiff's new lawyers have expressed a desire to file a second amended complaint. *See* ECF No. 47 ¶ 9. Attorney Doherty had previously filed such a motion, which I have not granted. *See* ECF No. 15. However, the plaintiff's new attorneys state that they intend to "revise" the proposed second amended complaint. In light of this, I will consider Attorney Doherty's motion to file a

Although the defendant contends this was not "quick action," I conclude that it was, especially since the defendant has not articulated any way in which she was prejudiced by the four-week or any subsequent delay. Indeed, it appears that the parties have been taking discovery on the merits of the case since at least January of 2016.

Finally, I consider whether the plaintiff has shown that he has a meritorious defense to the counterclaim. To show a "meritorious defense," the defaulting party must offer more than bare legal conclusions, but he need not definitively show that the defense will prevail. *Parker v. Scheck Mechanical Corp.*, 772 F.3d 502, 505 (7th Cir. 2014). I conclude that the plaintiff has made this showing. In his proposed answer, the plaintiff affirmatively alleges facts suggesting that the plaintiff transferred interests in the rental properties, and also purchased the Wisconsin property with the plaintiff, in anticipation of marriage. The plaintiff also alleges facts that could be construed to suggest that the defendant exercised undue influence over him. These allegations could support the plaintiff's claim that the defendant is not entitled to partition of the Wisconsin property. Although the plaintiff's allegations do not suggest to me that he has a strong case, he has offered more than bare legal conclusions. Accordingly, I will grant his motion to set aside the default and deny the defendant's motion for a default judgment. The Clerk of Court will be directed to docket the plaintiff's answer to the counterclaim.

Before concluding, I note that the plaintiff's new lawyers have expressed a desire to file a second amended complaint. *See* ECF No. 47 ¶ 9. Attorney Doherty had previously filed such a motion, which I have not granted. *See* ECF No. 15. However, the plaintiff's new attorneys state that they intend to "revise" the proposed second amended complaint. In light of this, I will consider Attorney Doherty's motion to file a

second amended complaint withdrawn. Further, because Federal Rule of Civil Procedure 15(a)(2) states that the court should freely grant leave to amend a complaint, I will grant the plaintiff leave to file a second amended complaint. This complaint must be filed by November 11, 2016. Finally, because I have not yet entered a scheduling order governing discovery, I will issue a separate order setting a scheduling conference under Federal Rule of Civil Procedure 16.

### III.  CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion to set aside his default (ECF No. 12) is **GRANTED**. The Clerk of Court shall docket the plaintiff's answer to the counterclaim, which currently appears at ECF No. 47-1.

**IT IS FURTHER ORDERED** that the defendant's motion for a default judgment (ECF No. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff is granted leave to file a second amended complaint on or before **November 11, 2016**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file a reply in support of his motion to set aside his default (ECF No. 47) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant's motion to strike (ECF No. 48) is **DENIED**.

**FINALLY, IT IS ORDERED** that the plaintiff's motion for leave to file an affidavit (ECF No. 51) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 26th day of October, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

9

Case 2:15-cv-01137-LA    Filed 10/26/16    Page 9 of 9    Document 53